## Ecton et al. *v.* Moore et al.

[Kentucky Law Reporter, Vol. 4—307.]

**Establishing a Resulting Trust.**

> Where an attempt is made to establish a resulting trust and the conveyance attacked is fair on its face, there being no charge of fraud, there is no presumption, since the statute of resulting and constructive trusts against the legal title holder, but upon the contrary the statute shifts the burden upon the one attacking the title.

### APPEAL FROM CLARK CIRCUIT COURT.

October 7, 1882.

OPINION BY JUDGE HINES:

F. F. Jackson died testate in 1861, leaving a widow and three children. At the time of his death he owned more than 600 acres of farming land, a number of slaves, and other personal property of considerable value. The will provided that the widow should have such portion of the estate as she would have been entitled to in case there had been no will, and gave the remainder of the estate, real and personal, to the three children, "each of them to have an .equal third part thereof, to be held by them during their respective lives, and, if any one of them should die, without descendants of their bodies, then the portion of the one so dying shall vest in the survivor, or survivors, of said three children or their descendants, respectively."

On the land devised there was a mortgage debt of about

$7,000, on which suit was brought in 1864 to enforce payment, a decree and sale, at which the widow, Mrs. Ann C. Jackson, became the purchaser for the amount of the mortgage debt, and a deed was made to her of the title in fee. To this suit the widow and children were parties and before the court by actual service, except John H. Jackson, who was constructively summoned. In 1870 Mrs. Jackson and the three children, John H. Jackson, Lucy W. Jackson (afterwards Green) and Mrs. Ecton, filed a petition in the county court seeking a division of the land, so as to set apart to John H. Jackson one-third, which was done, and a commissioner's deed in fee executed to him, the remaining two-thirds, in compliance to the prayer of the petition, to be held and enjoyed by Mrs. Ann C. Jackson during her life. John H. Jackson mortgaged his portion, the mortgage lien was enforced, and appellee, Emerson, became the purchaser. Mrs. Green and Mrs. Ecton, about the same time, conveyed by separate deeds, with covenants of general warranty, their undivided interests to appellee, Moore, Mrs. Ann C. Jackson having died previous thereto.

Under these circumstances appellees brought this action to quiet title, and appellants answered and claimed to hold under the will of F. F. Jackson, and that, therefore, each held an estate defeasible in case she or he should die without descendants, and that they did not hold a fee simple in trust by descent from their mother, Mrs. Ann C. Jackson. The court below held that the interest of the children came by descent from their mother, that each held the fee in her or his respective portions of the land, and that the titles of the purchasers should be quieted. Since the institution of this action John H. Jackson and Mrs. Green have died, leaving no children, Mrs. Ecton surviving and having three children.

The inquiry is as to whether the purchase by Mrs. Ann C. Jackson, at the decretal sale on the foreclosure of the mortgage, which was a lien on the land of F. F. Jackson, vested in her an absolute fee, or whether she held it in trust for the children, under the provisions of the will. If Mrs. Ann C. Jackson did not hold in trust, Mrs. Ecton, who alone has a right to complain, has no interest in that portion of the land conveyed by John H. Jackson and Mrs. Green, and, of course, none in the portion she conveyed, because she professed to convey the absolute title and entered into a covenant of general warranty. This involves the

construction of the statute in regard to resulting and construc-
tive trusts, which is as follows:

"When a deed shall be made to one person, and the considera-
tion shall be paid by another, no use or trust shall result in favor
of the latter; but this shall not extend to any case in which the
grantee shall have taken a deed in his own name without the
consent of the person paying the consideration, or where the
grantee, in violation of some trust, shall have purchased the
lands deeded with the effects of another person." Gen. Stat.
(1881), Ch. 63, Art. 1, § 19.

Under this statute, in order to establish an enforcible result-
ing trust, it is essential to allege and prove, first, that the con-
sideration was paid by appellants; second, that the conveyance
attacked was made to the grantee without the consent of the ap-
pellants. It is necessary to allege both of these things; other-
wise the first portion of the section abolishing resulting trusts is
inoperative, for prior to the statute a recovery could be had upon
allegation and proof that the consideration was paid by the
claimant. If it is only necessary to allege that now, the statute
has not altered the law, and if it is necessary to allege both of
these things it is essential to prove them, for without the exist-
ence of both there is no cause of action.

In Mrs. Ecton's answer there is no allegation that the consid-
eration for the land deeded to Mrs. Jackson was paid out of the
funds to which she was entitled, but in the pleadings by John H.
Jackson there is such an allegation of which she may take ad-
vantage, as it goes to the merits of the whole controversy, and
such a ground of recovery by one enures to all, but the proof
does not sustain the allegation. It is shown that there was con-
siderable in value of personal property, enough to pay the pur-
chase-price for the land, which was enough to satisfy the mort-
gage lien, but how much more in value of the personalty is not
shown. It does appear, however, that independent of the one-
third interest in the personalty to which Mrs. Jackson was en-
titled, in her own right, and independent of the proceeds of the
farm to which she was entitled before any allotment of dower,
she held of the money of her son, some fifteen hundred dollars,
or possibly two thousand dollars, which was used in making the
payment. To this money, as between herself and Mrs. Ecton,
she had a right, and, as her son never asserted any claim to it,

it must be treated as hers. The proof shows that Mrs. Jackson labored unceasingly and exercised the greatest economy in order to save money to discharge the debt against the land. The burden of the proof as to the source from which the money was obtained being on appellant, there is a failure to establish that it came from the personal property to which she and her brother and sister were entitled. Such a claim, after the lapse of fourteen years before its assertion, may very properly be said to be stale, and in all such cases the chancellor will require positive and conclusive evidence before divesting the legal title for the benefit of the claimant. It will not avail if it be conceded, as appellant, Mrs. Ecton, alleges, that she did not know the contents of the will, or her rights under it, for the presumption ought to be indulged, under all the circumstances and after such a lapse of time, that she did not know. Besides, it is not shown that the interest of John H. Jackson, Mrs. Green and Mrs. Ecton, in the personal estate, was not properly consumed in the support of Mrs. Green and Mrs. Ecton, the former of whom remained in the family for many years, and the latter until about a year after marriage in 1863, or that it was not consumed in the payment of other debts against the estate. In view of the length of time appellant delayed in asserting her claim, not until after the death of Mrs. Jackson, and of the fact that the burden was upon her and she nowhere charges upon Mrs. Jackson any fraud, or that there was a mistake, and the fact that there is nowhere in the evidence an intimation of fraud or bad faith on the part of Mrs. Jackson, certainly nothing ought to be presumed against the title as it exists of record.

As to the matter of consent on the part of Mrs. Ecton to the appropriation of the funds belonging to her, if any, there is not only a failure in her answer to allege that her consent was not given, but on the contrary she alleges that such consent was given by charging that Mrs. Jackson purchased the land under an agreement to hold it in trust for the children, under the terms of the will. This defense, or rather claim of recovery as a failure of consent, or that the purchase and conveyance was made without her consent, is individual and personal to each of the children, so that if Mrs. Ecton consented that the property of the estate might be appropriated to the purchase of the land to satisfy the mortgage debt and the conveyance made to Mrs. Jack-

son, she can not avail herself of the fact that John H. Jackson or Mrs. Green did not consent.   But of their failure even to consent there is no proof, except as to John H. Jackson, and that was to the effect that he was not a party by actual service to the suit; and as to Mrs. Green the evidence is conclusive, from her own deposition, that she consented that Mrs. Jackson should purchase the land and hold it in her own right.   Mrs. Ecton's deposition was not taken, but her husband testified, and both of them were parties to the suit in which the decree of sale was made, and the husband was present at the sale under the decree. He gives no evidence of dissent on the part of the wife or himself.   But such evidence would amount to nothing, as the issue is not tendered, but on the contrary she affirmatively alleges consent as stated.   Where an attempt is made to establish a resulting trust, and the conveyance attacked is fair upon its face and there is no charge of fraud, there is no presumption, since the statute, against the legal title holder, but upon the contrary the statute shifts the burden upon the one attacking the title.   A resulting trust is neither alleged nor proved in this case.

If the trust is to rest, as set up in the answer of Mrs. Ecton, upon an agreement between the parties, it is not enforcible, first, because it is within the statute of frauds, because not in writing, and second, independent of the statute, there is no proof of an agreement such as alleged.   If there is no resulting trust under the statute, as we decide, the remaining inquiry is, Is there a constructive trust under the last clause of the section of the statute?   This clause is as follows:   But this shall not extend to cases "where the grantee, in violation of some trust, shall have purchased the lands deeded with the effects of another person." Gen. Stat. (1881), Ch. 63, Art. 1, § 19.

Conceding that Mrs. Ann C. Jackson, who was at most an acting executrix, without legal qualification as such, was a trustee within the meaning of this provision and held the personal estate in trust for the payment of debts against the estate, it is incumbent on appellees, who are attacking the conveyance under which the title was vested in Mrs. Jackson, to show that the purchase was made with the effects belonging to appellees.   Under the statute, if she was acting as executrix of the estate and had in her hands enough of the personal estate of the decedent to discharge

the debt against the land, but instead of so discharging it she had appropriated the funds to her own use, or refused to account for them, and had with her own interest in the estate made the purchase of the land, the heirs might have had the right, in case there is no estoppel in favor of purchasers, to subject the property to the extent of the value of the personal property belonging to them, and which had been appropriated by the acting executrix. But that would not affect the title, because the land was not paid for with the proceeds of the property belonging to the claimants.

As we have already said, Mrs. Jackson was acting in the quasi capacity of trustee in this transaction, in the absence of an allegation of any fraud, mistake or unfair dealing; and in the absence of any proof of either, the parties seeking to annul the conveyance to Mrs. Jackson ought to be required to bring themselves within the letter of the law. Especially is this true where, as in this case, the land in controversy is in the hands of purchasers for a valuable consideration, with no actual notice of the facts upon which Mrs. Ecton bases her claim under the statute, that is, that the consideration for the purchase by Mrs. Jackson was paid out of the personal estate of F. F. Jackson that should have been appropriated to the payment of the mortgage lien; and that Mrs. Ecton claimed to hold under the will and not through the deed to her mother. In fact, there is nothing in the record that could put appellees upon inquiry as to the source from which Mrs. Jackson derived the funds by which she paid for the land, and the evidence, such as it is, of constructive notice, that appellee's title was derived through the will of F. F. Jackson and not by inheritance from Mrs. Jackson, is too slight to be considered in appellee's favor after such a lapse of time and in the face of the fact that appellees paid an adequate consideration for the land. Under the statute there is no constructive trust.

The decision of these questions renders it unnecessary to discuss the other points made by counsel.

Judgment *affirmed*. Chief Justice Hargis dissenting.

*Jas. Flanagan, Wm. Lindsay, Geo. B. Nelson, for appellants.*
*Wm. M. Beckner, L. Hathaway, for appellees.*